## Davis' Adm'r v. Givens et al.

(Decided Nov. 1, 1932.)

W. G. HARGIS for appellant.

ORIE S. WARE, ELMER P. WARE, and ARTHUR J. TODD for appellee Lillian K. D. Miller.

MYERS & HOWARD and A. L. INSKEEP for other appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Samuel B. Davis was a soldier in the World's War. He died intestate July 22, 1921, without issue, the holder of a policy of war risk insurance, known as term insurance, for the sum of $10,000, payable one-half to his mother and the other one-half to his sister-in-law, who were named as beneficiaries in the policy. His mother, Mary E. Davis, died July 29, 1918. His sister-in-law, Margaret Darage Davis, the other designated beneficiary, was living at the death of the soldier. At the time of his death he left surviving him a widow, his

father, and **five** brothers and sisters. His father, Morris Davis, departed this life November 10, 1924, leaving surviving him five children, Florence Givens, George Davis, Fred Davis, Morris Davis, Jr., and William Avery Davis, now deceased.

On the death of the soldier, $5,000 of the insurance was awarded to Margaret Darage Davis, one of the designated beneficiaries of the policy, and which she has been receiving in monthly installments from the United States government. The remaining $5,000 was awarded equally to the widow and the father of the soldier, each receiving 240 equal monthly installments of $14.19 each. His widow is yet receiving the payment of the $14.19 installments. On the death of the father there remained unpaid, of the portion of the insurance awarded him, $2,124, which has been paid by the United States government to W. G. Hargis, administrator of the soldier. The question presented in this case is: How should it be distributed?

The widow of the soldier insists that at the death of his father, the $2,124 was the estate of her husband and she is entitled as his widow to one-half of the $2,124. His brothers and sisters contend that $2,124 was estate of their father and that they are entitled as heirs of their father to this sum. On the death of the soldier the one-half of the $10,000 policy, or $5,000 of it, was a part of his personal estate. It was payable to and receivable by his personal representative, as was stated by this court in Mason's Adm'r v. Mason's Guardian, 239 Ky. 208, 39 S. W. (2d) 211, 213, "to be administered just like any other personal estate of the soldier, just as any cash he may have had on hand, his choses in action, a flock of sheep, a drove of hogs, a herd of cattle, or a stud of horses. * * * "

The devolution of the personal property of an intestate is fixed by section 1403, Ky. St. Under this section and the acts of Congress dealing with the subject-matter, the United States government awarded to the widow of the soldier and his father, one-half to each of them, as we have already stated.

The portion awarded to the father at his death descended, and should be distributed, as his estate to his heirs under section 1403. The widow of the soldier

having received under our statutes of descent and distribution, on the death of the soldier, the one-half of the $5,000 which belonged to his estate, it is clear that on the death of the father she is not again entitled to be awarded one-half of the unpaid balance which was awarded to the father. Such distribution is not authorized either by the statutes of this state or of the United States. 43 Stat. 624. sec. 300 (38 USCA sec. 511); 41 Stat. 376; World War Veterans' Act 1924 (38 USCA, sec. 421 et seq).

If the widow of the soldier is entitled on the death of the father to a distribution of the one-half awarded to him, and if the distribution sought by her and made by the trial court is the correct one, then on the death of either or all of the brothers and sisters after a portion of the one-half awarded to the father shall be awarded them, she would again be entitled to a redistribution, at the death of either or all of the brothers and sisters of the soldier, of the unpaid amount awarded by the court to each or all of them, on the theory that the term insurance so long as unpaid by the United States government belongs to the estate of the insured, such construction of the statutes dealing with such term insurance and the distribution of the same as the personal estate of an intestate soldier, is unauthorized and unreasonable. It is not consistent with the rule enunciated by Supreme Court of the United States in Singleton v. Cheek et al., 284 U. S. 493, 52 S. Ct. 257, 76 L. Ed. 419.

The judgment in so far as it awards to the widow of the soldier any portion of the $2,124 is erroneous.

Judgment reversed for proceedings consistent with this opinion.