## Flowers v. Flowers' Adm'r et al.

(Decided May 16, 1933.)

C. J. WILSON for appellant.
JAMES & JAMES for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Albert Carl Flowers, a World War veteran, had a term insurance policy for $10,000 issued by the United States through the Bureau of War Risk Insurance when he died intestate and unmarried on May 24, 1919. His mother, Mrs. Elizabeth Annie Flowers, was the designated beneficiary, and collected the insurance installments according to the terms of the policy until her death on May 25, 1931. The insured soldier's father, the appellant, William Flowers, then claimed as the sole heir of his deceased son at the time of the beneficiary's death the entire commuted sum of the unpaid insurance, amounting to $4,789. The soldier's sister, as the sole devisee under the will of her mother, claimed the entire sum by virtue thereof. The trial court adjudged that the heirs of the soldier as of the date of his death in 1919 were entitled to the fund. Accordingly, he held under the Kentucky statutes of descent and distribution, sections 1393 and 1403, that his father and his mother was each entitled to one-half of the fund, and that the mother's moiety in it passed under her will to her daughter, and the other moiety was payable to the father. The father appeals.

The Act of Congress of March 4, 1925, 38 USCA sec. 514 (made retroactive as to take effect as of October 6, 1917), provided, among other things, that, if the designated beneficiary in a policy of this kind survives the insured soldier, and dies prior to receiving all of the installments or all such as are payable and applicable, "there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable."

This court early interpreted that statute to mean that the heirs of the deceased soldier as of the date of the death of the beneficiary should receive the commuted sum. Sutton's Executor v. Barr's Adm'r, 219

Ky. 543, 293 S. W. 1075; Sizemore v. Sizemore's Guardian, 222 Ky. 713, 2 S. W. (2d) 395. In later opinions, however, that interpretation was not followed, and a different view was intimated. Mefford v. Mefford, 231 Ky. 127, 21 S. W. (2d) 151; Wilcox v. Schroader's Adm'r, 236 Ky. 112, 32 S. W. (2d) 727; Mason's Adm'r v. Mason's Adm'r, 239 Ky. 208, 39 S. W. (2d) 211. In the latter opinion, it is pointed out that the weight of authority had then come to be that the heirs of the soldier should be determined as of the time of his death. The soundness of the Sutton and Sizemore opinions are questioned, and their unalignment with our later opinions, as well as most of the state courts, was pointed out by the Supreme Court of the United States in Singleton v. Cheek, 284 U. S. 493, 52 S. Ct. 257, 259, 76 L. Ed. 419, 81 A. L. R. 923. That case has definitely settled the construction to be put upon the federal statute by this language:

> "All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured upon the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the state of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary. The state courts, with almost entire unanimity, have reached the same conclusion."

The trial court, therefore, properly adjudged that the commuted unpaid insurance installments passed in equal portions to the father and mother of the deceased soldier, and that the daughter was entitled under the will of her mother to the mother's share. This was not because the mother was the beneficiary in the policy, but because it was part of her estate, inherited from her deceased son. See Davis' Adm'r v. Givens, 245 Ky. 638, 54 S. W. (2d) 30.

In view of the development of the law relating to the interpretation of the federal statute as above outlined, we think it well here and now to overrule expressly the Sutton and Sizemore Cases to the extent that they are in conflict with this conclusion.

The appellant also questions as excessive a fee of

$500 allowed James & James as attorneys for the administrator of the soldier's estate. The attorneys are not made parties to this appeal, and we are not authorized to consider the question as against them. Bartlett v. Louisville Trust Company, 212 Ky. 13, 277 S. W. 250.

Wherefore the judgment is affirmed.