## Moody v. Whittle et al.

(Decided Dec. 7, 1937.)

V. R. LOGAN for appellant.

WHITTLE & DEMUNBRUN for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Clarence Whittle, his wife, Daisy Whittle, and their infant daughter, Zelma, were killed in a railroad crossing accident in Edmonson county in 1926. The sole surviving member of the family was Lorene Whittle, the infant daughter of Clarence Whittle and Daisy Whittle. She was 2 years of age when her parents died. Will Whittle, her paternal grandfather, and W. P. Moody, her maternal grandfather, qualified as administrators of the estates of the three decedents. After the payment of all debts and expenses, there remained in the hands of the administrators a sum in excess of $1,000. No guardian of Lorene Whittle was appointed at that time, and the two administrators divided the

money equally between themselves and each agreed to hold for his grandchild the amount in his hands. It was also agreed between them that the paternal grandfather, Will Whittle, should have the care and custody of Lorene Whittle, and since then she has resided in his home as a member of his family.

In 1936, when only 12 years of age, Lorene Whittle married ——— Renfro. Her paternal grandfather, at whose home she resided at the time, gave his consent to the marriage and signed the marriage bond. On April 29, 1936, W. P. Moody was appointed guardian of Lorene Whittle Renfro by the Edmonson county court, and he qualified as such guardian. On May 19, 1936, he instituted this action in the Edmonson circuit court against Will Whittle and Lorene Whittle Renfro to require Will Whittle to make a final settlement as coadministrator with the plaintiff of the estates of Clarence Whittle, Daisy Whittle, and Zelma Whittle, and to account for the sums in his hands due to the plaintiff's ward. He also asked that a receiver of the infant defendant's estate be appointed. The defendants appealed from the order appointing the plaintiff guardian of his infant grandchild, and the appeal was consolidated with the action for a receiver. The chancellor refused to set aside the order appointing W. P. Moody guardian, and likewise refused to appoint a receiver for the infant's estate, but ordered the defendant Will Whittle to make a final settlement of his accounts as coadministrator of the estates of the infant's deceased parents and sister. From that part of the judgment refusing to appoint a receiver, the plaintiff has appealed.

Section 2116 of the Kentucky Statutes reads:

"If any female under sixteen years of age marries without the consent of her father or guardian, or of her mother, if there is no father or guardian, or he is absent from the state, the court having general equity jurisdiction in the county of her residence shall, on the petition of a next friend, commit her estate to a receiver, who, upon giving bond to the Commonwealth with good surety, for the performance of his duty, shall hold her estate, and, after deducting a reasonable compensation for his services, pay out the rents and profits to her separate use during her infancy, under the direction of the court. When the wife shall arrive at the age of twenty-one years the estate shall be delivered to

her, unless the court shall consider it for her benefit to continue the same in the hands of the receiver.''

The chancellor was of the opinion that this statute had no application due to the fact that the infant here involved was living in the home of her paternal grandfather and was in his custody at the time of the marriage, and that her marriage was with his consent. We think the conclusion of the chancellor in this respect is erroneous. The statute nowhere mentions the person having custody of the infant female. Evidently it was the intention of the Legislature that the estate of any married female under 16 years of age should be committed to a receiver on the petition of a next friend, unless she had married with the consent of her father, or guardian, or of her mother, if there was no father, or guardian, or he was absent from the state. The consent of any other person will not avoid the mandatory requirement of the statute. The conclusion that this is the correct construction of the statute is fortified by section 2100, which reads:

''Courts having general equity jurisdiction may declare void a marriage obtained by force or fraud, or at the instance of any next friend, where the male was under sixteen or the female under fourteen years of age at the time of the marriage, and the marriage was without the consent of the father, mother, guardian, or other person having the proper charge of his or her person, and has not been ratified by cohabitation after that age.''

These sections are parts of the same chapter and were enacted at the same time. When the Legislature provided for the avoidance of a marriage at the instance of a next friend where the female was under 14 years of age at the time of the marriage, it also provided that the marriage must have taken place without the consent of the father, mother, guardian, or other person having the proper charge or custody of her person. In other words, the marriage cannot be avoided at the instance of a next friend if such consent was given. On the other hand, consent of the person having custody of the infant at the time of the marriage does not deprive a next friend of the right to petition a court of equity, under section 2116, to commit the infant's estate to a receiver.

The appellant also complains because the judgment

allowed his attorney only $25, but the allowance was made to the attorney and he is not a party to this appeal. That question, therefore, cannot be considered. Stepp's Adm'r v. Pauley, 261 Ky. 421, 87 S. W. (2d) 952; Flowers v. Flowers' Adm'r, 249 Ky. 203, 60 S. W. (2d) 596.

For the reasons indicated, the judgment is reversed, with directions to enter a judgment appointing a receiver of the estate of the infant defendant.