## Crum v. Crum.

Nov. 21, 1939.

W. R. McCoy for appellant.

Howes & Walker for appellee.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

This case is a continuation and an outgrowth of some phases of the case of Crum's Adm'r v. Crum, reported in 263 Ky. 219, 92 S. W. (2d) 63

Frank Crum, a World War veteran, died intestate prior to 1931. He had a policy of war risk insurance in which his mother, Jane Crum, was designated as the beneficiary. Prior to the time of her death in the latter part of 1931, Jane Crum had been receiving the regular monthly installments under the insurance policy. When she died there was a balance of $3,931.90 due on the policy. Ulyssus Crum, a brother of Frank, was appointed administrator of his estate, and in this capacity he collected the balance of the insurance from the Federal Government. In June, 1932, Ulyssus Crum filed a suit in which he undertook to set up a claim in himself to the balance of the insurance policy, and, failing in establishing his own claim, he sought the advice of the court as

to the manner in which and to whom the distribution of the money should be made. Curtis Crum, the appellant herein, and Lafayette Crum, Jane Crum, and Betty Smith were made parties to the suit brought by Ulyssus Crum. During the progress of that litigation, Curtis Crum entered into a contract with Ulyssus, individually and as administrator of the estate of Frank Crum, whereby Curtis accepted the sum of $1,025 in full settlement of any and all claims he might have to the fund in question. It was decided in the case of Crum's Adm'r v. Crum, supra, that Jane Crum was the only heir of Frank Crum at the time of his death, and that it was her estate which was entitled to the balance due on the policy. Jane Crum left a will under which she gave $1 to her son, Ulyssus Crum, and the balance of her estate to her grandson, Curtis Crum, nephew of Ulyssus. It was directed in the opinion that the administrator pay all of the balance of the insurance money in his hands, after deducting the costs and expenses of the suit, to the estate of Jane Crum, to be distributed amongst her heirs. After the payment of the $1,025, Curtis Crum withdrew from the suit which had been filed by Ulyssus Crum, and therefore he did not participate in the appeal of that case to this court.

After the mandate was filed, Curtis Crum filed a separate answer and counterclaim in the case. He set forth that at the time he made the contract with Ulyssus Crum he and the relatives of the half blood, who claimed to be parties to that contract, were advised and believed that the law governing that character of case gave the sums to the parties purported to have been agreed upon, and for that reason he entered into the agreement; that he was advised by Ulyssus Crum's attorney that Ulyssus and the relatives of the half blood were entitled to share in the insurance, and that his attorney concurred therein; that his attorney was not familiar with the law in that character of case, but that the attorney of Ulyssus was, and that he knew that he (Curtis) was entitled to all of said insurance, and had he (Curtis) known his rights he would not have consented to the judgment or compromise; that he was in error as to the law governing the case; and that had he been advised as to his rights he would not have consented to the compromise. He also set forth that Jane Crum executed a will devising all of her estate to him; that said will was duly probated; that the order probating the will had never been

appealed from, and was in full force and effect; and that he was the sole and only heir and beneficiary of Jane Crum. He set forth also that Ulyssus, as the Administrator of the estate of Frank Crum, had in his hands the sum of $2,906.90; that he had demanded of the administrator that he pay this money over to him, but that the administrator had failed and refused to do so; and that Ulyssus Crum was claiming to be the owner of the money under the contract which they had entered into. Ulyssus Crum filed a plea in abatement in which he set forth that Curtis Crum had filed a suit in 1932, styled Curtis Crum et al. v. Ulyssus Crum, Adm'r, over the subject of this action, and that he had had his chance to plead any and all defenses that he had, but that the action was abated and dismissed. He also set forth that the question of the validity of the contract and settlement was made an issue before the judgment was entered in the case of Crum's Adm'r v. Crum, supra, and the said judgment was pleaded as a bar to this action. The allegations of Ulyssus Crum's plea in abatement were traversed of record except such as applied to the record of Curtis Crum et al. v. Ulyssus Crum, Adm'r referred to therein. On August 11, 1936, the cause having been submitted upon the whole record and the opinion in the case of Crum's Adm'r v. Crum, supra, it was adjudged that the balance of the war risk insurance was the property of the estate of Jane Crum, and that Ulyssus Crum, administrator of the estate of Frank Crum, after first deducting the costs of the action, including the appeal and reasonable attorneys' fees and the expenses of administration, pay the residue to the administrator of the estate of Jane Crum to be distributed among her heirs. Curtis Crum prayed an appeal to the Court of Appeals, which was granted. He failed to perfect the appeal granted by the circuit court, but on August 30, 1938, he filed in the office of the Clerk of the Court of Appeals a transcript of the record, and asked the clerk to grant an appeal and issue summons for Ulyssus Crum, administrator of the estate of Frank Crum, deceased. On June 9, 1939, the judgment was reversed and on June 26, 1939, the appellee, Ulyssus Crum, administrator, filed a motion for an extension of time to file a petition for rehearing which was sustained. On August 25, 1939, a petition for rehearing was filed with a motion that the opinion be withdrawn, the order of submission set aside, and the appeal dismissed on the ground that it had not been prosecuted within two years

next after the judgment was rendered on August 11, 1936.

The facts on which the motion is based are unusual, and indicate that someone attempted to perpetrate a fraud by changing the transcript of the record after it had been certified by the clerk of the Martin circuit court and after it had left his hands and before it was filed in the office of the clerk of this court. The facts are not disputed. The opinion in the case of Crum's Adm'r v. Crum, supra, was delivered March 13, 1936, the mandate was filed in the Martin circuit court on the 8th day of May, 1936, and on August 5, 1936, Curtis Crum filed in the office of the clerk of the Martin circuit court his separate answer and counterclaim. On August 10, 1936, he filed a certified copy of the last will and testament of Jane Crum. On August 11, 1936, Ulyssus Crum, administrator, filed a plea in abatement, and on the same day the cause was submitted and the judgment here appealed from was rendered. On June 13, 1938, Curtis Crum, by his attorney, filed a schedule in the Martin circuit court directing the clerk to copy all pleadings in the cause, judgment of the court and motions and demurrers had since the filing of the mandate on the first appeal. The transcript of the record was prepared by the clerk and certified by him on July 7, 1938. As heretofore stated, the transcript of the record was filed in the office of the Clerk of the Court of Appeals on August 30, 1938, and was accompanied by a statement of appeal signed by appellant's attorney in which it was stated that "the judgment appealed from was rendered at the August term of the Martin circuit court on the 11th day of August, 1937, and may be found on pages 39, 40 of the record." A copy of the judgment appears on pages 39 and 40 of the record. The record, as it now appears, shows that the judgment was rendered in the Martin circuit court on August 11, 1937. However, the typewritten figure "6" in 1936 had been erased, and the figure "7" in ink has been substituted. A supplemental transcript of the record has been filed in which the clerk of the Martin circuit court certifies that the records in his office show that the judgment was rendered on August 11, 1936, and is entered in order book 12, page 367, in his office.

It appears beyond cavil that the original transcript of the record certified by the circuit clerk was altered after it left his office and before it was filed in the office

of the clerk of this court so as to show that the judgment was rendered on August 11, 1937, instead of August 11, 1936. Appellant does not question the fact that the date of the judgment in the record as certified to by the clerk of the Martin circuit court was changed after it left the clerk's office, but the affidavits of appellant and his attorney are filed in which each of them states that he did not make the alteration and that it was made without his knowledge or consent. The only argument advanced by appellant for overruling appellee's motion to dismiss the appeal is that appellee, by his failure to make the motion before the case was submitted and the opinion delivered, waived his right to have the appeal dismissed because the record was not filed within the time prescribed by law. He relies upon Wermeling v. Wermeling, 224 Ky. 107, 5 S. W. (2d) 893, and cases therein cited, which hold that a failure to make a motion to dismiss the appeal because the record was not filed within the time prescribed by law until after the case has been submitted on final hearing is regarded as a waiver of the right to dismiss the appeal on that ground, but in none of these cases was the question of fraud involved. There is nothing in the present record to indicate that appellee or his attorneys have been guilty of negligence in failing to discover the fraud sooner. During the progress of the litigation appellee has been represented by a number of attorneys. On the former appeal he was represented by Mr. Willis Staton of Pikeville, Kentucky, Mr. Edward L. Allen of Prestonsburg, Kentucky, and Mr. W. H. D. Preece of Williamson, West Virginia. At the time the judgment was entered in the present case on August 11, 1936, appellee was represented by Mr. Staton. It appears that Mr. Staton's connection with the case ceased at that point, and, after a transcript of the record was filed in this court more than two years later, appellee employed Mr. W. H. D. Preece of Williamson, West Virginia, to brief the case. His brief was filed March 28, 1939. Mr. Preece did not represent appellee when the judgment was rendered, and he had no reason to believe that the clerk's certified transcript of the record had been altered. After the opinion was delivered, appellee employed his present attorneys, Messrs. Howes, and Walker of Paintsville, to file a petition for rehearing, and, by comparing the record filed in this court with the record in the Martin circuit court, they discovered for the first time that an alteration of the record had been made. Under these circumstances, the doctrine of

waiver should not be applied, and the appellant should not be permitted to profit by a palpable fraud even though, as contended by him, neither he nor his attorney had knowledge of it.

Appellee's motion to withdraw the opinion, set aside the order of submission, and dismiss the appeal is sustained, and the appeal is dismissed.

The whole Court sitting.