## Beutel v. Beutel.

Oct. 2, 1945.

Wilbur Fields for appellant.

Robert J. Hagan for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Appellee was granted a divorce from appellant in the year 1934. In that judgment appellee was denied alimony, because she had an estate of her own sufficient for her maintenance. An award of Fifty Dollars ($50) per month was entered against appellant, to be paid to appellee for the maintenance of their only child, who, at the time of the rendition of the judgment, was two and one-half years of age. The decree of the Chancellor was affirmed by this Court in an opinion rendered February 25, 1936, Beutel v. Beutel, 262 Ky. 805, 91 S. W. 2d 528. At the time the opinion was delivered the child was approximately four years of age. On the second day of June, 1943, appellee moved the Court to increase the allowance from Fifty Dollars ($50) to Seventy-Five Dollars ($75) per month; in answering, appellant moved the Court to reduce the allowance to Twenty-Five Dollars ($25) per month; both motions were based upon change in condition of the parties. Before submission, appellant filed a second motion, requesting the Court to change the time he is permitted under the judgment to visit the child from Wednesday to Saturday and Sun-

day of each week. The matter was referred to a commissioner to hear evidence and make his report and recommendations; and, in confirmation of which, the Court entered a decree increasing the allowance for maintenance to Sixty Dollars ($60) per month, and refusing to modify the judgment in respect to the custody and right of appellant to have the visiting hours changed. Approximately two weeks after this decree was entered, appellant filed a motion to set aside the decree, because, he alleged, appellee had changed her residence from Kentucky to Florida; and, by reason of removal of the infant child from the State of Kentucky, he is deprived of the right to see the child, as ordered in the decree he sought to set aside. The motion was overruled. He has appealed from the decree and the order overruling the motion.

The correctness of the decree in raising the allowance for maintenance depends upon the evidence in respect to change of conditions. KRS 403.070; Boyers v. Boyers, 283 Ky. 1, 140 S. W. 2d 646; and Beutel v. Beutel, supra. Appellee's evidence shows conclusively that the requirements to maintain the child at her present age are greater than they were when the former opinion was rendered. As a matter of fact, the actual expenditures shown by the evidence, and estimates of additional expenditures, are uncontradicted, and are reasonable when viewed in the light of common experience. Appellant's present net income exceeds his net income at the time the original judgment was rendered by more than Two Hundred Dollars ($200) per year. It is obvious, then, that the change in conditions warrants the increase in maintenance, unless the contention of appellant can be upheld, and which is: Appellee's estate and income have increased by reason of inheritance since the former decree. Irrespective of the income of appellee, the primary obligation of maintenance of the child is upon the father. Ward v. Ward, 213 Ky. 606, 281 S. W. 801. That being true, the financial condition of the mother may not be considered in a determination of the amount the father should contribute to the maintenance of the child.

Although appellee's departure from Kentucky might be sufficient ground for modifying the decree in respect to reasonable visitations, it did not entitle appel-

lant to have the decree set aside; especially in view of the fact that, although both he and his child have been living in Louisville since the divorce was decreed, he has made only two attempts to visit the child, and it does not appear that either of these were calls during the hours allocated to him by the Court. He admits that for the past several years he has neither communicated with the child nor made any endeavor to see her. Virtually all courts, in proper circumstances, will permit a child to be taken out of their jurisdiction; indeed, in the circumstances therein involved, such was permitted by this Court in Duncan v. Duncan, 293 Ky. 762, 170 S. W. 2d 22, 154 A. L. R. 549. The question is fully discussed in the annotation following the publication of that opinion, in 154 A. L. R., commencing at page 552 and ending at page 573. But since proper relief, based upon removal of the child from Kentucky, was not requested of the Chancellor, it is unnecessary for us to discuss the question further.

The judgment is affirmed.