## Rupard v. Rupard.

Feb. 8, 1946.

Marcus C. Redwine for appellant.

Harvey T. Lisle for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing in part.

The sole question presented on this appeal is whether the chancellor erred in granting the appellant wife a divorce from bed and board instead of an absolute divorce.

The parties married in 1926, and lived together until shortly before June 24, 1943, when the wife filed suit for an absolute divorce on the ground of cruel and inhuman treatment. The answer denied the averments of the petition and by way of counterclaim the husband asked an absolute divorce on account of the wife's cruel and inhuman treatment toward him. Both parties sought the custody of their two boys, 8 and 6 years of age, their third child, Anna, having married Joe Beecraft just a few weeks before the separation of her parents. Mrs. Rupard asked $75 per month for the support of her two sons and alimony in the lump sum of $1,000.

After hearing considerable proof, the chancellor adjudged the wife was not wholly free from fault relative to certain fistic encounters between the parties and granted her a divorce only from bed and board. He gave her the custody of the two children with the right to occupy a house and lot in Winchester as a home for herself and the boys until further orders of the court and required the husband to pay her $5 a week for the

support of these two children, also to pay the court cost including her attorney's fee. It appears that the real estate is deeded to the parties jointly and is worth $1,325 and that the father is now earning only $12 per week, hence no complaint is made of the manner in which the chancellor provided financially for the wife and her two boys.

From what the chancellor said from the bench, it strikes us that in refusing the wife an absolute divorce he was influenced by his commendable desire to protect the two small children from a broken home and by the vain hope that the parties would discard their differences and resume their marital status.

The wife has filed a brief in this court calling our attention to the fact that the husband not acting in good faith made unfounded charges of unchastity against her and that this affords her grounds for an absolute divorce. The husband through his attorney notified the clerk of this court that he would file no brief.

Rupard testified that about 9 o'clock on November 3, 1943, he saw his wife and Joe Beecraft register at the Phoenix Hotel in Lexington for a room under the assumed name of Hackworth. Beecraft was not called as a witness but Mrs. Rupard denied the accusation, saying that she worked that day in the Avon plant near Lexington from 3:30 in the afternoon until midnight and during that interim she was never out of the plant. Her testimony is corroborated by that of her sister, Mary E. Stone and her brother-in-law, Woodrow Stone, who worked with her in the Avon plant that day. Mrs. Rupard further testified that the Phoenix Hotel had been taken over by the United States Army and on the date her husband testified that he saw her and Beecraft register, civilians were excluded from the hotel and could only enter it by obtaining special permission in the form of an army pass.

When the husband, not acting in good faith, makes unfounded charges of unchastity or of lewd and lascivious conduct against his wife, she has cause for divorce on the ground of cruel and inhuman treatment. Burns v. Burns, 256 Ky. 834, 77 S. W. 2d 418; Sandlin v. Sandlin, 289 Ky. 290, 158 S. W. 2d 635. This record contains no evidence to support the charge of unchastity

that Rupard made against his wife and it appears to be deliberate and unfounded. Hence, it follows that the chancellor should have granted Mrs. Rupard an absolute divorce regardless of whether or not she was wholly without fault in the violent quarrels and not infrequent encounters between them.

The judgment is reversed only in so far as it gives the wife a divorce from bed and board and the chancellor is directed to grant her an absolute divorce.