## Gorslin v. Gibson.

March 1, 1946.

E. B. Wilson for appellant.

W. J. Stone and Jay H. Taylor for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

Appellant was granted a divorce from appellee on March 15, 1944, after they had lived together as husband and wife for more than fifteen years. They lived in Bell county until their separation in June, 1943, when appellant went to Detroit, Michigan, and obtained employment

in an automobile factory. Appellee is a coal miner. They had two children, Dennis Gibson, who was 12 years of age, and Alva Gibson, who was 6 years of age, when the divorce was granted. The appellant testified in the divorce proceeding that she and her husband had entered into an agreement as to the custody of the children. When asked what that agreement was, she said: "Well, he agrees to take care of the big boy and me the little one and when he wants the little boy to be with him I will let him go, and the same with me as to the big boy. We want each to be with us and each other when we see it convenient."

The judgment of divorce did not provide for the custody of the children, but it contained this clause: "The entry of this judgment shall in no wise prejudice the claim of plaintiff for alimony and support for children and the custody of said children."

Appellant married Earl Gorslin of Dearborn, Michigan, on April 15, 1944, and appellee remarried a few months after the divorce was granted. The older boy, Dennis Gibson, remained with his father, and Alva Gibson went with his mother to Michigan where he remained until the end of the school term in June, 1945. On June 18, 1945, his mother sent him to his father's home in Kentucky. About a month later she called for him, but appellee refused to permit her to take the child from his home. On July 24, 1945, the following order was entered in the divorce proceeding: "By agreement of the parties, this case is redocketed for the purpose of trying out the issue as to the right to custody of the infant children, Alva Gibson and Dennis Gibson."

A large amount of proof was taken, and on submission of the case, the chancellor entered a judgment awarding custody of both children to their father, George Gibson. Mrs. Gorslin has appealed.

The sole question presented by the appeal is the custody of the children. Each party asserts that the other is an improper person to have their custody. Appellant's present husband owns a comfortable home in Dearborn, Michigan, near a good school. He earns $65 a week as an employee of the Ford Motor Company, and is willing to support either or both of the children. Appellee owns a two-room log cabin in a remote section of Bell county, and his earnings as a coal miner average

about $250 a month. There is a school about three fourths of a mile from his home. Letters written to appellee by appellant before and after the divorce was granted and a letter signed ''Bill,'' written to appellant before the divorce, were introduced for the purpose of showing that she is not a proper person to have the custody of the children. On the other hand, there is evidence that appellee is addicted to the use of intoxicating liquor and uses vulgar and profane language in the presence of the children. We find nothing in the evidence indicating that appellee is better qualified than appellant to have the custody of the children. It appears that the older boy, Dennis Gibson, has acquired vicious habits, and refuses to attend school regularly. It is obvious that he might have an evil influence over his younger brother. Appellant was asked on cross-examination: ''Do you want both children or just one?'' She answered: ''Both of them, but I want to be fair. I would take both of them but want to be fair and honest with George about it because I know he loves the children like I do. * * * I don't want both if he wants Dennis. I will take Dennis if he wants to go with me but I want to do what is right about it. * * * I want Alva because I have had him and Dennis wants to stay with his daddy, as far as I know. I want Alva.''

Under the circumstances, we think that the welfare of the younger child requires that his custody be awarded to his mother. The appellee should have the right to have Alva Gibson in his home for one month during the summer school vacation, but should be required to pay his traveling expenses. The court properly awarded the custody of Dennis Gibson to appellee.

The judgment is reversed, with directions to enter a judgment in conformity herewith.