# Wright v. Thomas.

March 2, 1948.

R. C. Littleton, Judge.

Redwine & Redwine and Marcus Redwine for appellant.
Gardner & Gardner for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

This is a divorce action in which the wife, who was plaintiff below, is not satisfied with the judgment of the chancellor. She complains of the amount of alimony granted her in the sum of $800; the disposition of the custody of the children; and the amount of $25 per month allowed for the support of each of the two children placed in her custody.

After a divorce was granted her and pending this appeal, appellant married Henry Wright. To avoid confusion, we will refer to Mrs. Wright in the opinion as Mrs. Thomas. It might not be amiss to mention that the attorneys who briefed the case on this appeal are not the ones who represented the parties in the trial court.

The parties were married in 1917 and have nine children, four of whom were infants whose ages ranged from 8 to 15 years when this action was filed in 1945. Mr. and Mrs. Thomas appear to be honest and industrious people, and were capable enough to rear their numerous children and to acquire two tracts of land out of his salary of about $125 per month, when supplemented by $57.50 per month over a period of twenty years which Mrs. Thomas received from a government insurance policy on a brother she lost in the first World War.

About the time the late war started, Mr. Thomas obtained a government job in the South at a considerable increase in salary and was earning $200 per month when his wife sued him. There is a conflict in the evidence as to whether he wanted his wife and children to come to him in the South, or whether she arbitrarily refused to leave this State and join him. Shortly before this litigation started, the couple sold their farm for $4,800, which was divided equally between them. Title to one of the tracts had been taken in their joint names, while the title to the other was in Mr. Thomas.

In her petition as amended, Mrs. Thomas asked an absolute divorce on the grounds of cruel and inhuman treatment and of abandonment. She sought the custody of her four infant children, an allowance of $25 per month each and alimony in the sum of $3,000. She

obtained an attachment against the $2,400 in the bank which represented Mr. Thomas' one-half of the proceeds from the sale of the farm.

By answer and counterclaim, Mr. Thomas denied his wife's charges and sought a divorce against her on the same grounds she alleged against him. In addition thereto he charged her with such lewd and lascivious conduct as proved her to be unchaste, and he asked the custody of their four infant children.

The evidence on both sides was quite weak as to any abandonment or any physical cruelty. Appellee's evidence as to the lewd and lascivious conduct of his wife lacks probative value. Roger Thomas, a 16 year old son of the parties, testified that he invited Mr. Wright to his mother's home "to make music." Wright stated that he went there on this invitation and that the only time he was ever out with Mrs. Thomas was when he took her to a picture show in company with his brother and the latter's wife, who were neighbors of Mrs. Thomas. The husband's testimony, corroborated by another witness or two, is that Wright's car was seen parked in front of Mrs. Thomas' home when Mr. Thomas was on a visit to this State from the South, falls far short of lewd or lascivious conduct on her part.

This unfounded and unsustained charge of lewd and lascivious conduct against the wife amounts to cruel and inhuman treatment and is sufficient to sustain the chancellor's judgment in granting her a divorce. Sandlin v. Sandlin, 289 Ky. 290, 158 S. W. 2d 635; Rupard v. Rupard, 301 Ky. 554, 192 S. W. 2d 477; Rose v. Rose, 302 Ky. 658, 195 S. W. 2d 269. Therefore, she was entitled to alimony. Skidmore v. Skidmore, 261 Ky. 327, 87 S. W. 2d 631. As stated above, the parties had sold their farm for $4,800 and divided the money equally. The commissioner reported, and the chancellor decided, that Mrs. Thomas' interest in this real estate did not exceed one-third, or $1,600, and that when she took $2,400 for her interest therein she received $800 in excess of her one-third interest in the land. The commissioner recommended that this $800 be allowed Mrs. Thomas as alimony. This the chancellor did and we cannot say that he erred.

The chancellor permitted Curtis Ray Thomas, 13

years of age, to remain in the custody of his father in North Carolina. This child stated on the witness stand that he desired to live with his father, and his wishes are entitled to some weight. Cummins v. Bird, 230 Ky. 296, 19 S. W. 2d 959. It is true he mailed a card to one of his friends in this State saying he wanted to see him bad enough to walk back to Kentucky. We regard that statement as but childish hyperbole.

Appellant earnestly insists that these children should not be separated and their welfare demands that all four should be kept together under her custody. She has not succeeded in keeping Curtis' two older brothers in school and we think it is to the best interest of Curtis that he be left with his father. Where an older child may have a harmful influence over a younger one, we have said that it is for the best interest of the younger child that they be separated. Gorslin v. Gibson, 301 Ky. 706, 192 S. W. 2d 962.

Nor can we say that the chancellor erred in making no allowance for Roger and in allowing only $25 per month each for Billy and Doras. When the judgment was entered Roger was 17 years of age and appears to have been emancipated and earning his own living; hence the chancellor correctly did not attempt to put him in custody of either parent or to make an allowance for his support. Mrs. Thomas has a second husband, owns her own home and at times receives $20 per month for the rent of a room; she earns about $60 per month as a practical nurse and receives $15 per month from her son in the Navy. Under these facts, it occurs to us that the chancellor's allowance for the maintenance of the two children put in custody of their mother should not be disturbed.

The attorneys who tried this case below took no exception to the final judgment and no appeal was granted therefrom. However, attorneys representing Mrs. Thomas filed in due time with the Clerk of this court the entire record and moved for an appeal. The judgment under attack being a final one, no exception was necessary in order that it may be reviewed and the appeal was properly taken in this court. Bartlett v. Louisville Trust Company, 212 Ky. 13, 277 S. W. 250; Joyeux v. Anderson-Dulin-Vernall, 213 Ky. 658, 281 S. W.

796; Hill v. Walker, 297 Ky. 257, 180 S. W. 2d 93, 154 A. L. R. 814.

Appellee complains in his brief that the chancellor erred in not granting to him the custody of all four children and further that an attorney's fee of $75 should not have been allowed his wife. A sufficient answer to this is that he neither requested nor was granted a cross-appeal as is provided in Civil Code of Practice, sec. 755, and we are without authority to consider his contention. City of Hazard v. Duff, 295 Ky. 701, 175 S. W. 2d 357. The allowance of the attorney's fee was not made to the wife, but direct to her attorney and as he is not made a party to the appeal, we cannot consider that question. Flowers v. Flowers' Adm'r, 249 Ky. 203, 60 S. W. 2d 596.

For the reasons given the judgment is affirmed.