## MARTIN v. MARTIN.

Court of Appeals of Kentucky.
June 13, 1952.

Rehearing Denied Oct. 17, 1952.

See also, 313 Kentucky 797, 233 S.W.2d 999.

L. B. Alexander, Paducah, for appellant.
Terrell & Schultzman, Paducah, for appellee.

CAMMACK, Chief Justice.

■ Hunter Hart Martin appeals from a judgment which denied his motion for reduction of the amount of the payments he is required to make for the support of his children, under the terms of a divorce judgment.

The children are boys, ages 11 and 13, and the support payments are $40 per week. Martin claims insufficient income and assets to meet the payments.

Martin operates a job printing business in Paducah, and he owns the building and equipment used in the business. He has from six to eight regular employes.

Martin testified that he is losing money in his business, and he introduced in evidence financial statements which purport to show a loss of $1,750 during the period of five months immediately preceding the date of his motion for reduction of the support payments.

An examination of the financial statements discloses a salary item, in addition to the payroll, totalling $5,250 for the five-month period. It is reasonably apparent that this item represents salary drawn by Martin. In addition, the payroll item shown for the last month appears to be excessive, because in order to have a payroll as large as that shown, each of the six employes Martin said he had for that month would have to be paid a monthly wage of $960.

Martin claims to have outstanding debts of $4,400, but at the time the divorce judgment was entered he had debts of $5,000, so he has shown no prejudicial change of condition in this regard.

■ Martin makes some contention that the support payments should be reduced because, since the divorce, his former wife has inherited $100,000 from an aunt. However, it is well settled that the financial condition of the mother may not be considered in determining the amount the father should contribute to the maintenance of his children. Beutel v. Beutel, 300 Ky. 756, 189 S.W.2d 933.

The judgment is affirmed.