Darrell T. BARRICKMAN, Appellant,

v.

Betty Brickley BARRICKMAN, Appellee.

Court of Appeals of Kentucky.

Dec. 7, 1956.

Blakey Helm, Robert E. Hatton, Louisville, for appellant.

James A. Hall, LaGrange, for appellee.

CULLEN, Commissioner.

In November 1953, Betty Barrickman was granted an absolute divorce from Darrell T. Barrickman, the appellant. She was awarded the custody of their infant boy, then one year old, and a monthly allowance of $160 representing both alimony and support for the child. In June 1954, pursuant to motion by Darrell, the allowance was divided into $80 for alimony and $80 for support, but his motion for a reduction was overruled. On September 13, 1955, Darrell moved the court to reduce the allowance for support and to eliminate the alimony. The court ordered the alimony reduced to $45 per month, but did not alter the allowance for support. From this order Darrell has appealed, seeking further reduction.

Darrell operates a retail coal business. He maintains that his income from the business is not sufficient to enable him to meet the support and alimony payments. The evidence he introduced pertaining to his financial condition includes estimated monthly operating expenses in the sum of $5,129.70, for the year 1955. One of the items in this estimate is $850 for employes. There is no showing of how many people are employed or whether Darrell receives any portion of this amount as a drawing account. Without such a showing the "employes" expense item is unsatisfactory. Martin v. Martin, Ky., 251 S.W.2d 302.

Also included in the estimate are installment payments on a new automobile, in the amount of $72, and operating expenses of the automobile in the amount of $40. Some portion of an $85 expense item for liability and property damage insurance and licenses may also pertain to the car. Although Darrell did testify that it was necessary to use the car in his business, it is not shown that it was exclusively so used. Without such a showing the entire purchase price and ex-

pense of operation of the car cannot be charged as a business expense.

Another expense item is installment payments on a tractor. The tractor is an asset of the business, and although a reasonable allowance for depreciation could be considered as an expense the installment payments are in the nature of a capital investment and not an item of expense.

The monthly expense estimate was multiplied by 12 and substracted from the 1954 gross income of the business. The difference is purported to be the approximate profit for 1955. However, without some showing of a correlation between the gross incomes for 1954 and 1955, the result is meaningless.

There is evidence of indebtedness of about $24,000. However, $18,000 of this represents the purchase price of equipment being acquired through a rental purchase plan. Darrell does not attempt to show the net worth of his business or his equity therein. Nor does he offer his income tax returns.

█ All in all the evidence to establish the inadequacy of Darrell's financial situation is unsatisfactory.

Darrell also introduced evidence as to an alleged improvement in Betty's financial condition. Her foster father died in March 1955. By the terms of his will two trusts were created. His wife was made the life beneficiary of each trust and Betty is the remainderman of the second one, which has a principal of approximately half of the estate. This trust provides that if the income is insufficient for the comfort and reasonable needs of settlor's wife, and of Betty, then the trustee within his discretion may pay them such amount from the principal as he deems necessary. Darrell did not establish the amount of the estate, nor did he show whether there were any outstanding debts. However, there is evidence to the effect that the gross estate is at least $158,000.

While the evidence indicates that Betty eventually may come into a substantial estate, it does not show any material improvement of her immediate financial condition. She does not have a right to *demand* money from the trustee for her living needs. Of course, Betty's financial condition is not material insofar as Darrell's obligation to support his child is concerned. Martin v. Martin, Ky., 251 S.W.2d 302; Beutel v. Beutel, 300 Ky. 756, 189 S.W.2d 933.

We cannot say that the circuit court erred in not reducing the support payments and in not eliminating the alimony payments.

Darrell contends that he should not have been required to pay Betty's attorney's fee in this action. The allowance of the fee was made directly to the attorney. Since the attorney was not made a party to the appeal, this question cannot be considered. Wright v. Thomas, 306 Ky. 763, 209 S.W. 2d 315; Flowers' v. Flowers' Adm'r, 249 Ky. 203, 60 S.W.2d 596.

The judgment is affirmed.