## VEHLE v. VEHLE.

### No. 14640.

Court of Civil Appeals of Texas. Dallas.

Oct. 10, 1952.

D. M. Teague, Earl R. Parker and Frank Ivey, all of Dallas, for appellant.

Phinney, Hallman, Reed & Holley, of Dallas, for appellee.

CRAMER, Justice.

This is a cost bond appeal from a judgment of divorce between the parties, a partition of the community property, and the awarding of custody of their two minor children, Otto M. Vehle, Jr. and Vicki Marie Vehle, to appellee. After the record was filed here, an order was entered by the District Court on a new application changing the custody of the children, during the pendency of this appeal, from appellee to appellant. Before said temporary order was enforced, appellee applied to this Court for a stay of such order, asserting that the trial court had no jurisdiction to enter such order pending the appeal, and further, that unless such order was stayed, appellee would be materially prejudiced and affected during the pendency of this appeal. We ordered the parties to maintain the status quo pending a hearing thereon; and the hearing having been held, the matter is now before us for the disposition of the above motion.

It appears from the record that no statement of facts in connection with the hearing of divorce, or on the hearing on the order changing the custody temporarily during the pendency of this appeal, has been filed in this Court.

The motion upon which the temporary custody was changed alleged in substance

that since the rendition of the judgment appealed from, appellant's former husband has "* * * carried said minor children to McAllen, Texas, and has them lodged in a very poor residential district in the house that was used formerly as a camp for hunting purposes and loaned to the said Otto M. Vehle, Sr. for the purpose of a residence without any expense; that said house has poor accommodations, is old, does not properly shelter said children, and there are no screens on the windows and the place is infected with flies and mosquitoes and other insects; that the only person in charge of said place or residence is a Mexican woman, who has at various times since her employment in the care of said children during the past two months, quit her employment as such and returned to her people for various reasons; that on each of said occasions, said plaintiff herein has transferred said children to the care of your defendant, who has been residing in the same town in a decent neighborhood, and then upon the return of said Mexican woman, the defendant would carry said children back to the shack in which he is living; that during the time said children were residing with your defendant and most of the time while residing at the residence of the plaintiff herein, defendant furnished the money for the groceries, clothing, doctor's bills, and all the necessities that said children needed; that recently, the stove in the residence of plaintiff exploded and badly injured the Mexican woman, the caretaker of said children, and she was again forced to quit her employment and said children had to be transferred back to the care of your defendant herein; that their best interests are suffering by reason of the lack of attention and negligence on the part of the plaintiff herein." That her former husband "refuses to pay the bills for the children, and particularly the milk bill, and the milk company has refused to deliver milk to them; that while plaintiff is out of town and the defendant is forced to care for the children in the house, she is without means of transportation and has to rely on neighbors to go to the store for her or to care for the children while she walks several blocks to the store, and that the plaintiff does not leave her money with which to supply the needs of said children while he is away." And that she "has a home in Dallas where said children may be properly cared for under the direct supervision of the officers of this court; that the best interest of said children would be served by placing them in the temporary custody of your defendant during the pendency of this appeal, or until further orders of this court."

It is undisputed that on the hearing in the District Court evidence was heard by the court.

The court's order on the motion for change of custody pending this appeal, is, omitting formal parts, as follows:

"On the 26th day of September, 1952, came on to be heard defendant and cross plaintiff's motion for temporary custody of the two minor children of the above named parties, to wit, Otto M. Vehle, Jr., and Vicki Marie Vehle; and came the parties in person and by their attorneys of record, both sides announced ready for trial; no jury being demanded, the court having heard the pleadings, the evidence and the argument of counsel, did on the 29th day of September, 1952, find that the best interests of said minor children above named will be served by placing them in the care and custody of their natural mother, Martha H. Vehle, pending the final disposition of this cause. It Is Therefore Ordered, Adjudged and Decreed by the court that the custody of Otto M. Vehle, Jr., and Vicki Marie Vehle be, and it is hereby, awarded to their mother, Martha H. Vehle, pending a final disposition of this cause on appeal; and It Is Further Ordered, Adjudged and Decreed by the court that the said plaintiff, Otto M. Vehle, Sr., is hereby ordered and directed to deliver said children to their natural mother instanter. To all of which action of the court plaintiff in open court excepted and gave notice of appeal to the Fifth Supreme Judicial District."

Under such record we must presume that the order of September 26, 1952 was based on evidence sustaining the allegations of

the motion. So assuming, there are implied findings of a change of conditions since the divorce in Dallas County and appellee's removal to Hidalgo County, sufficient to sustain the trial court's judgment.

The order is neither void nor voidable since the trial court, pending the appeal here, has authority to enter such orders as are made necessary by the changing circumstances of the parties pending the appeal. Jennings v. Berry, District Judge, Tex.Civ.App., 153 S.W.2d 725; Goldsmith v. Salkey, 131 Tex. 139, 112 S. W.2d 165, 116 A.L.R. 1293.

For the reasons above set out, our former order is set aside and the relief prayed for in the motion to stay is denied.

It Is So Ordered.