**VEHLE v. VEHLE.**

No. 14640.

Court of Civil Appeals of Texas. Dallas.

May 29, 1953.

D. M. Teague, Earl R. Parker and Frank Ivey, all of Dallas, for appellant.

Phinney, Hallman, Reed & Holley, all of Dallas, for appellee.

DIXON, Chief Justice.

This is a divorce and child custody case. There are two children involved; a little boy and a little girl, aged four years and one year respectively at time of the trial. The father was granted a divorce and care and custody of the children; the mother has appealed only from that part of the trial court's judgment awarding the custody of the children to their father.

Appellee filed suit April 2, 1952 against his wife, the mother of the children, alleging cruel treatment as grounds for the divorce. On April 10, 1952 the mother filed an answer and cross-action, also alleging cruel treatment and asking divorce and custody of the children. The father was awarded temporary custody pending trial of the divorce case. On June 27, 1952 an investigator's written report was filed in compliance with Art. 5142a, § 6, Vernon's R.C.S., making a conditional recommendation that the mother be awarded custody of the children. At the divorce trial in juvenile court a visiting judge, not the regular juvenile judge, presided. After a three-day trial before the court without a jury, judgment was rendered in favor of the father.

On Sept. 17, 1952, after her appeal had been perfected, the mother filed a motion in juvenile court asking that the temporary custody of the children be returned to her pending the outcome of her appeal. A three-day hearing, beginning Sept. 26, 1952, was held on this motion with still another visiting judge sitting for the regular judge. After hearing testimony the court sustained the mother's motion and temporary custody of the children was awarded to her pending this appeal.

Immediately after entry of the court's order awarding temporary custody to the mother, the father filed in the Court of Civil Appeals an application for an order staying the temporary custody order entered by the juvenile court. This application was set down for hearing on Oct. 2, 1952. Thereafter on Oct. 10, the Court of Civil Appeals denied the father's application for a stay order and delivered a written opinion in connection therewith. Vehle v. Vehle, Tex. Civ.App., 255 S.W.2d 901. Since that time the children have been in the care and custody of their mother.

At the divorce trial the father charged that his wife had been guilty of misconduct with her stepbrother. To support these charges he presented four witnesses in addition to himself, including three private investigators whom he had employed

to shadow his wife. The record before us discloses that on several occasions appellant and her stepbrother were seen together, or at least were both present with groups of people. They were seen a number of times in the home of appellant's mother and stepfather and also in the drive-in restaurant operated by the mother and stepfather. A few times they were seen in other places. In most instances appellant's mother and her stepfather, or her aunt or other members of the family were present. Only one witness gave direct testimony of a serious act of misconduct. A hotel night clerk identified appellant as the woman with whom the stepbrother once stayed the night in a hotel. This witness at an earlier hearing was not entirely certain of the identity, but when he later testified at the trial on the merits he was more positive. The wife denied this charge, as did the stepbrother. The latter admitted that he had spent a night with a woman on the occasion in question, but testified it was another woman, not his stepsister.

Whatever may have been the indiscretions of appellant as a wife, there can be no question under the record before us concerning her devotion, attention, and deep concern with respect to her children and her sense of responsibility for their welfare. Numerous witnesses testified in her behalf; some of them were neighboring housewives and mothers; one of them was her landlady. They all testified that she is a competent and loving mother. Even the testimony of the husband does not seriously contradict the testimony of these witnesses that the mother gave solicitous care and attention to her children.

At the divorce trial the mother testified that her husband had been derelict in the discharge of his duty as a father and provider for his family. Here is a general summary of her testimony: He changed jobs frequently; there were long periods of time when he did not work at all, nor did he attempt to find employment; he was unreliable as a breadwinner, apparently lacking in a sense of responsibility towards his family; he gave bad checks; at one time or another the utilities, telephone, gas, lights, were cut off for nonpayment of bills;

creditors phoned trying to locate him; twice he failed to pay the house rent, so that the family was compelled to move; the wife, in order to pay for the necessities of life for herself and the children, had to borrow money from friends, especially from her mother and stepfather; yet the husband, when he managed to obtain money, spent it for the purchase of a Chris-craft motor boat and a toy electric train—his hobbies. Some of this testimony was corroborated by members of the wife's family and one or two other witnesses, including one of the husband's former employers. The wife made other charges against her husband but as we need not consider them to determine this appeal, we shall not include them in this discussion.

■ Ordinarily the Court of Civil Appeals may not consider events transpiring after rendition of a judgment which is the subject of an appeal. However in this case the proceedings in connection with the trial court's order of Sept. 26, 1952 have become part of the record before us. The father himself brought them to our judicial notice by filing his application for a stay order. We took official action after a hearing by denying the application. Moreover in the record of this appeal there is a supplemental transcript containing a copy of the mother's motion and the order of the trial court giving her custody of the children pending appeal. Both appellant and appellee consider these proceedings in their briefs. We shall therefore go on to a consideration of them for purposes of this opinion. Abilene Ind. Tel., etc. v. Southwestern Tel., etc., Tex.Civ.App., 185 S.W. 356; 3-A Tex.Jur. 493.

The motion filed by the mother on Sept 17, 1952 contains serious charges of neglect against the father. He was then living in McAllen, Texas, and the children were with him. In her petition the mother alleged that the father was living in a house that had very poor accommodations and did not properly shelter the children; that there were no screens on the windows and the place was infested with flies, mosquitoes, and other insects; that the only person in charge of the place was a woman employed as housekeeper by the father and that at

various times during the preceding two months this woman had quit her employment for various reasons; that on each of said occasions the father had transferred the care of the children to their mother; that during the time the children were residing with their mother at McAllen, Texas, and most of the time while residing with their father, the mother had furnished the money for groceries, clothing, doctor's bills, and all the necessities that said children needed; that the father refused to pay the bills for the children, particularly the milk bill, and the milk company had refused to deliver milk to them; that when the father was out of town the mother was forced to care for the children in her house; that she was without means of transportation, had to rely on neighbors to go to the store for her, and that the father did not leave her money with which to supply the needs of the children while he was away; that she, the mother, has a home in Dallas where the children may be properly cared for and that the best interests of the children will be served by placing them in her custody during the pendency of this appeal.

We quote from the trial court's order sustaining the above motion: "On this the 26th day of September, 1952, came on to be heard defendant and cross plaintiff's motion for temporary custody of the two minor children of the above named parties * * * and came the parties in person and by their attorneys of record, both sides announced ready for trial; no jury being demanded, the Court having heard the pleadings, the evidence and the argument of counsel, did * * * find that the best interests of said minor children above named will be served by placing them in the care and custody of their natural mother, Martha H. Vehle, pending the final disposition of this cause. * * * It is further ordered, adjudged and decreed by the Court that the said plaintiff, Otto M. Vehle, Sr., is hereby ordered and directed to deliver said children to their natural mother instanter. * * *."

We also quote from our opinion written by Justice Cramer in connection with our denial of the father's application for this Court to stay execution of the above order:

"Under such record we must presume that the order of September 26, 1952 was based on evidence sustaining the allegations of the motion." Vehle v. Vehle, Tex.Civ.App., 255 S.W.2d 901, 902.

■ After carefully considering the whole record we are of the opinion that the implied holding of the trial court that the best interests of these children will be served by awarding their custody to their father is contrary to the overwhelming weight of the evidence. Consequently it becomes our duty to reverse and remand for a new trial that part of the trial court's judgment awarding custody to the father—the only part of the trial court's judgment before us on this appeal. In re King's Estate [King v. King], Tex., 244 S.W.2d 660; 30 Tex.Law Review 803 (Garwood).

Reversed and remanded.