**Kenneth DeSIMONE, Appellant,**

v.

**Genrose DeSIMONE, Appellee.**

Court of Appeals of Kentucky.

June 25, 1965.

R. Davis McAfee, Richard Remmers, Louisville, Charles M. Summers, Campbellsville, for appellant.

Clyde Williams, Jr., Campbellsville, for appellee.

HILL, Judge.

This is an appeal by the father from an order raising monthly benefits for two children of these parties from $125 to $525. Motion to modify was made in the trial court on June 15, 1964, during the pendency of an appeal to this Court by the wife in the original suit, the opinion in which was rendered March 26, 1965, Ky., 388 S.W.2d 591 (1965).

The appellant first contends the trial court was without jurisdiction to determine the matter since there was an appeal pending. With this theory we cannot agree. The court may re-examine the question of custody or support at anytime on showing a change of conditions, regardless

of the pendency of an appeal. It may, and sometimes does, require many months to determine a case on appeal.

Appellant next contends the total monthly allowance is grossly excessive and out of proportion to his income and ability to pay.

The two children concerned in this appeal are now aged ten and seven. The record in the case of Genrose DeSimone v. Kenneth DeSimone showed the father's annual earnings at $4,000 due to the fact he was away from home attending postgraduate school. Based upon that income the trial court in the original action awarded $125 per month for the support of the two children. This award was affirmed by this Court.

It was shown on the trial of the motion for increase that the appellant's earnings for a 10-month period from August 1, 1963 through May 31, 1964, were $44,000 and his net income $21,000. It was on this income and change of earnings that the trial court fixed the monthly payments at $525.

 After the lower court ruled on the motion, appellant made motion that the court reconsider the question and lower the amount because appellant contended he neglected to show the court that his income tax had not been deducted in his estimate, and which would amount to approximately $6,000, leaving him $15,000 income for the 10-month period. To take the appellant's own figures, he averaged $1500 per month during those 10 months, which would give him $18,000 a year income, which is four and one-half times his $4,000 income during the preparation of the original case. If we multiply the original allowance of $125 by four and one-half times, we arrive at a figure in excess of an amount allowed by the trial court. We do not mean to say this yardstick could be applied on and on in situations where greater incomes are involved. However, we cannot say that the monthly award in this case is grossly excessive. The trial court in matters of this kind is vested with a broad discretion which

will not be disturbed unless such discretion is abused. Somerville v. Somerville, Ky., 339 S.W.2d 940 (1960) ; Meek v. Meek, Ky., 338 S.W.2d 398 (1960).

The testimony shows in this case that appellee earns $15,000 per year, herself, and it is urged that she should bear some of the burden of supporting her children or that, at least, her earnings should be considered in determining the monthly contribution of the father. This Court has not followed this reasoning. In Martin v. Martin, Ky., 251 S.W.2d 302 (1952), and Beutel v. Beutel, 300 Ky. 756, 189 S.W.2d 933 (1945), this Court held that the financial condition of the divorced wife may not be considered in determining the amount a divorced husband should contribute to the maintenance of his children.

The judgment appealed from is affirmed.