Warner I. STICE, Appellant,

v.

Eva STICE, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1968.

Rehearing Denied Feb. 7, 1969.

Edward G. Gildersleeve, Jr., John A. McCrea, Louisville, for appellant.

W. Scott Miller, Jr., Louisville, for appellee.

DAVIS, Commissioner.

Incident to a divorce granted Warner I. Stice against Eva Stice, provisions for child maintenance and alimony were included in the judgment so that the sum of $22.50 per week was awarded as maintenance for the teenage daughter of the parties, and $14 per week was awarded to the appellee as alimony. The appellant asserts that both of these allowances are excessive.

We approach this decision bearing in mind the precepts of CR 52.01 which foreclose disturbance of a trial court's findings of fact unless those findings are .deemed "clearly erroneous." We also recall the many decisions of this court which teach that the chancellor's findings in matters of child support and alimony will not be disturbed unless there has been an abuse of judicial discretion. e. g. DeSimone v. DeSimone, Ky., 392 S.W.2d 68.

As regards the allowance for the child, the primary contention of the appellant seems to be that inasmuch as the child has lived with her maternal aunt since she was six years of age (the child was fifteen at the time of the trial) and since that aunt had willingly accepted only $10 per week for the maintenance of the child, it follows that an allowance of more than that sum was error. We are entirely unpersuaded by such an argument. The mere fact that for many years the appellant has enjoyed the "windfall" resulting from the generosity and love of the maternal aunt is not sufficient to entitle him as a matter of law to require that the aunt maintain the child or supply any deficit in the outlay for maintenance occurring because of a $10 per week payment.

The chancellor found that the appellant has take-home pay of about $105 per week, and there is no challenge of this finding. It will be seen that the allowance of $22.50 per week for the child and $14 per week for the wife, aggregating payments of $36.50 per week, approximate one-third of the net weekly income of the husband. There is nothing presented to us which remotely suggests that these sums are unreasonable or excessive. Accordingly, the findings of the chancellor should not and will not be disturbed.

The judgment is affirmed.

All concur.