ROBERTSON, Presiding Justice,
for the Court:
This is an appeal by Mrs. Barbara Ann Necaise Smith from a decree of the Chancery Court of the First Judicial District of Harrison County, holding that once an appeal had been perfected by Necaise to this Court from a decree of the chancery court changing the custody and support of minor children that the lower court lost jurisdiction to hear and decide another petition to modify while the appeal is still pending in this Court.
Appellant and Appellee, formerly husband and wife, are the parents of two children, Derrick Scott, a 10-year-old boy, and Diedre Shelly, an 8-year-old girl.
Appellant and Appellee were divorced on September 19, 1973, and custody of the two children was granted to the father, with certain rights of visitation granted to the mother.
On April 14, 1975, on petition of the mother, a hearing was had and the chancery court entered a decree modifying the decree of September 19, 1973, by granting custody to the mother for the months of June, July and August of each year and providing that the father pay the mother $100 per month as child support for June, July and August of each year.
Necaise perfected an appeal to this Court from the decree of April 14, 1975.
On July 28, 1976, Mrs. Smith filed a petition for citation for contempt against Ne-caise, charging that he had failed to pay the $100 per month child support for June, July and August. She also averred changed conditions and prayed for paramount custody of the two minor children.
The chancery court on September 3,1976, heard this petition and found that there had been a substantial change of circumstances, and that paramount custody should be granted to Mrs. Smith, and Necaise required to pay $100 per month child support. Necaise was granted visitation rights with his two children on the first and third weekends of each month from 5:00 P.M. on Friday to 9:00 A.M. on Sunday, “and at such other times as the parties may agree upon.”
On September 16, 1976, Necaise filed a motion to set aside the decree of September 7, 1976, on the ground that the appeal from the decree of April 14, 1975, was still pending in the Supreme Court, and that the chancery court was without jurisdiction to take further action until his appeal was disposed of. On September 20, 1976, the chancery court entered a decree setting aside the decree of September 7, 1976, on the ground that the court lacked jurisdiction to take further action until the pending appeal was decided by this Court.
The only error assigned by Mrs. Smith is: The Court was in error in holding that the appeal to the Supreme Court of the State of Mississippi divested Chancery Court of all jurisdiction as to custody and support of children.
Mrs. Smith is correct in her contention, and we reverse the decree of September 20, 1976, and reinstate the decree of September 7,1976, awarding paramount custody to her and providing for $100 per month support for the two children during the time they are in her custody.
In Vockroth v. Vockroth, 200 So.2d 459 (Miss.1967), this Court said:
“This particular appeal transferred jurisdiction to this Court only for the purpose of reviewing the trial court’s action in denying the petition for leave to remove the children from the state. Otherwise, the trial court’s jurisdiction, as it related to the custody and welfare of the children, continued unaffected by the appeal, to be exercised under the same circumstances and to the same extent as if the appeal had not been taken, that is to say, if and when a material change in the *933 situation should occur which warranted a modification in the custodial arrangement, in the best interest of the children.” 200 So.2d at 462.
Voekroth differs from the case at bar in that there was no appeal from the provisions of the original decree fixing custody and support of the children in that case, while in the ease at bar the appeal was from the decree of April 14, 1975, modifying the custody and support provisions of the 1973 decree. So in this case we are confronted squarely with the question of whether the chancery court loses jurisdiction to further change custody and support provisions while those provisions in a former decree are being questioned in an appeal to this Court.
Mississippi Code Annotated section 93-5-23 (1972), provides in part:
“The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require.”
This is a matter of first impression with us. However, courts in at least three other states have been called upon to decide this very question.
In Goetz v. Goetz, 181 Kan. 128, 309 P,2d 655 (1957), the Supreme Court of Kansas held that:
“[A]n order awarding custody is not a finality — the district court has jurisdiction to modify or change any such order whenever the circumstances make such change proper, ... In our opinion, the district court is not divested of such continuing jurisdiction by reason of an appeal by either or both parties from the judgment granting the divorce and awarding custody of the minor children to one of them, and otherwise providing for their care, . . .” 309 P.2d at 660. [Emphasis added].
To the same effect is Vehle v. Vehle, 255 S.W.2d 901 (Tex.Civ.App., 1952).
The Court of Appeals of Kentucky ruled on this question of continuing jurisdiction in the trial court to determine matters of custody and support of children in DeSi-mone v. DeSimone, 392 S.W.2d 68 (Ky.1965):
“The appellant first contends the trial court was without jurisdiction to determine the matter since there was an appeal pending. With this theory we cannot agree. The court may re-examine the question of custody or support at anytime on showing a change of conditions, regardless of the pendency of an appeal. It may, and sometimes does, require many months to determine a case on appeal.” 392 S.W.2d at 68-69 (Emphasis added).
We agree with this decision of the Court of Appeals of Kentucky. The decree of September 20,1976, setting aside the decree of September 7, 1976, is reversed, and the decree of September 7,1976 (modifying and changing the custody and support provisions of the April 14, 1975, decree) is reinstated.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.