758 So.2d 1020 (1999)
Sherry MORRIS, Appellant,
v.
Jimmy W. MORRIS, Appellee.
No. 97-CA-01502-COA.
Court of Appeals of Mississippi.
June 8, 1999.
Julie W. Brown, Starkville, Attorney for Appellant.
Carrie A. Jourdan, Columbus, Attorney for Appellee.
BEFORE McMILLIN, C.J, KING, P.J., AND DIAZ, J.
*1021 KING, P.J., for the Court:
¶ 1. Sherry and Jimmy Morris agreed to a divorce upon the grounds of irreconcilable differences. The parties were unable to agree to child custody and support and therefore submitted this and other issues to the chancellor.
¶ 2. On September 9, 1997, the chancellor awarded the parties joint custody of the minor children. This issue was reconsidered and affirmed on October 17, 1997.
¶ 3. Mrs. Morris has appealed raising six alleged errors. Finding her first assigned error to be dispositive, we reverse and remand. That issue is quoted verbatim:
¶ 4. Whether the chancellor's award of joint custody was an abuse of discretion where neither parent applied for or prayed for joint custody, as set forth in Miss.Code § 93-5-24 (Rev.1994).

FACTS
¶ 5. Sherry and Jimmy Morris were married on March 21, 1992, in Clay County, Mississippi. Two children, Jordan and Alexandria, were born during this marriage.
¶ 6. On December 9, 1996, Mr. Morris filed for divorce. On January 21, 1997, Mrs. Morris filed her answer and cross-complaint for divorce.
¶ 7. On August 22, 1997, the parties, by written stipulation, agreed (1) to an irreconcilable differences divorce, and (2) to allow the chancellor to determine the issues of child custody and support, distribution of the real property, alimony and visitation.
¶ 8. Each party had requested sole custody of the minor children.
¶ 9. After hearing evidence, the chancellor directed that the parties share joint custody of the minor children. Upon motion of Mrs. Morris, the chancellor reconsidered and affirmed the award of joint custody on October 21, 1997. Mrs. Morris has now appealed from that order.

DISCUSSION
¶ 10. This matter is governed by statute. Miss.Code Ann. § 93-5-24(2) (Rev.1994) provides, "Joint custody may be awarded where irreconcilable difference is the grounds for divorce, in the discretion of the court, upon the application of both parents."

STANDARD OF REVIEW
¶ 11. This court gives great deference to the decisions of a chancellor and will only reverse if he is manifestly wrong, clearly erroneous or applied an incorrect legal standard. Gulf Coast Research Laboratory v. Amaraneni 722 So.2d 530, 532(¶ 8)(Miss.1998).
¶ 12. In the present case the chancellor failed to follow the specific directive of Miss.Code Ann. § 93-5-24(2). Under § 93-5-24(2) where a divorce is based upon the grounds of irreconcilable differences, both parents must agree to joint custody. Because we find that neither party agreed to nor requested joint custody, we are compelled to reverse this case and remand for further proceedings.
¶ 13. Because this issue is dispositive, this court declines to address the other issues.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF CLAY COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., COLEMAN, DIAZ, IRVING, PAYNE, AND THOMAS, JJ., CONCUR.
LEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
BRIDGES, J., NOT PARTICIPATING.
LEE, J., dissenting:
¶ 15. With greatest respect to the opinion of the majority, nevertheless, I find *1022 myself compelled to dissent. In the instant case the chancellor has been presented with the age old question of deciding who should be entitled to the custodial care and control of minor children. Having been confronted with this decision, the chancellor chose neither parent singularly, but instead chose to award joint custody, finding this arrangement to be in the best interest of the children's welfare, which is the polestar consideration in all custody cases. Moak v. Moak, 631 So.2d 196, 197 (Miss.1994). I find it contrary to equity and sound reasoning that this Court is compelled to make a decision contrary to the chancellor's findings of fact that an award of joint custody is in the best interest of the Morris children.
¶ 16. The majority bases its decision to reverse the lower court on a strict interpretation of Mississippi Code Annotated section 93-5-24(2), as amended, that the chancellor has authority to award joint custody only when it is specifically requested through the application of both of the parents. That statute states, "Joint custody may be awarded where irreconcilable differences is the ground for divorce, in the discretion of the court, upon application of both parents." (emphasis added). The statute does not issue a mandate that an application for joint custody "shall" be awarded upon the application of both parents, but provides an option or alternative. Where both parties apply for sole custody in a divorce under grounds other than irreconcilable differences, it has always been within the discretion of the chancellor to award joint custody. It should be no different when the parties are granted a divorce under irreconcilable differences. An award of joint custody under these circumstances should also be within the discretion of the chancellor. To hold otherwise would erode, invalidate and otherwise destroy the authority of the chancery court in regard to the rights and protection of minors.
¶ 17. The Mississippi Constitution provides that the chancery court "shall have full jurisdiction" in divorce and alimony proceedings. Miss. Const. art. VI, § 159. As a natural consequence of this constitutionally vested jurisdiction, chancery courts are statutorily authorized to issue all decrees pertaining to child custody disputes that may arise in the course of divorce proceedings. Where a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the Circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody, and maintenance of the children of the marriage. Miss.Code Ann. § 93-5-23 (1972).
¶ 18. A divorce on the basis of irreconcilable differences has been sought. The parties, through their submission to the court for judgment, have constructively consented and applied for a decision from the court regarding custody, whether it be joint or sole. Parties in a divorce do not dictate to the court. The court approves or disapproves custody arrangements just as it does property settlements and other matters as it finds suitable and proper. To restrict the chancellor to the dictates of the parties is in direct contradiction with judicial precedent and the intent of the legislature.
¶ 19. Though I have reservations regarding the fitness of both parents in the instant case, I defend the chancellor's right to make a decision since he is the ultimate finder of fact. We "will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997) (citations omitted). The chancery court has exclusive and continuing jurisdiction over custody proceedings, and may issue subsequent modifications as material changes in circumstances warrant. Chrissy F. v. Mississippi Dept. of Public Welfare, 780 F.Supp. 1104, 1121 (S.D.Miss.1991). For the aforesaid reasons, I respectfully dissent.