869 So.2d 439 (2004)
Kenneth H. HALLE, Appellant
v.
Virginia Natoli Halle HARPER, Appellee.
No. 2003-CA-00488-COA.
Court of Appeals of Mississippi.
March 30, 2004.
*440 Elizabeth Paige Williams, attorney for appellant.
Before SOUTHWICK, P.J., LEE and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Kenneth and Virginia Halle were divorced in the Chancery Court of DeSoto County in October 1998. Mr. Halle was to pay child support and also the children's private school tuition. Mr. Halle petitioned the court to modify the child support and tuition payments, which was denied. He later petitioned the court to reconsider the matter, which also was denied. Mr. Halle appeals arguing that he was not afforded an opportunity to present witnesses during the modification hearing and that there were material changes in circumstances which make him unable to pay for the children's tuition. We find no error in the chancellor's resolution and affirm.

DISCUSSION
¶ 2. This appeal originally included an issue regarding visitation. The date of the final judgment of the chancellor denying the motion for reconsideration was February 11, 2003. An appeal promptly followed. During the appeal, there was an order from the chancellor on August 19, 2003. We have been provided with this order by a proper supplementation of the appellate record. The order resolved the visitation dispute and only two issues remain to be discussed in this appeal.
¶ 3. In most suits, the trial judge loses all jurisdiction once a case is appealed. McNeil v. Hester, 753 So.2d 1057, 1075-76 (Miss.2000). A chancellor, however, may modify child support, custody and visitation while a case is on appeal if a proper basis for doing so is shown:
The appellant first contends the trial court was without jurisdiction to determine the matter since there was an appeal pending. With this theory we cannot agree. The court may re-examine the question of custody or support at anytime on showing a change of conditions, regardless of the pendency of an appeal. It may, and sometimes does, require many months to determine a case on appeal.
Smith v. Necaise, 357 So.2d 931, 933 (Miss. 1978), quoting DeSimone v. DeSimone, 392 S.W.2d 68, 68-69 (Ky.1965). This is not to say that chancellors should freely or frequently consider motions for modifications of their domestic case decrees after they have been appealed. Reconsideration of judgments then on appeal is improper. Addressing potentially legitimate pleas of material changes in circumstances beyond what is shown in the record on appeal, may occasionally be necessary. Should such rulings be made, the clerk for the appellate courts should immediately be notified.
¶ 4. It was procedurally proper for the chancellor to modify visitation, and no complaint regarding the change is made in the supplemental briefing that we invited.

1. Testimony of witnesses
¶ 5. Mr. Halle complains that he was not given an opportunity to present *441 witnesses to testify in his favor during the reconsideration hearing. This Court may only consider what is in the record. If there was no objection made, the issue is waived on appeal. In re V.R., 725 So.2d 241, 245 (Miss.1998). Mr. Halle did not object on the record to the fact that no testimony of witnesses would be given. He further offers no evidence of what the testimony would have included.
¶ 6. Mr. Halle points out in his brief that the chancellor stated, "I don't know what the proof is; I haven't heard the proof." However, the chancellor was not discussing Mr. Halle's financial situation but was discussing his living arrangements as it pertained to the child custody issue. On this record, we find no basis on which to find error.

2. Tuition
¶ 7. Mr. Halle also argues that there has been a material change in circumstances and he is therefore unable to pay for his children's private school tuition. A final divorce decree may be modified only in limited situations. Lawrence v. Lawrence, 574 So.2d 1376, 1380 (Miss. 1991). There must be a material change in the circumstances that could not have been foreseen at the time of the final divorce. Id. Mr. Halle argues in his brief that his income has been reduced from about $80,000 to $33,493 annually. This is a material change in his circumstances that allegedly should allow the final divorce to be modified.
¶ 8. Pre-college tuition is part of child support and must be reasonable in light of the parents' income. Southerland v. Southerland, 816 So.2d 1004, 1006 (Miss. 2002). Here, Mr. Halle was required to pay child support and also to pay for the children's tuition. Since there are three children, there are guidelines that if followed, would cause Mr. Halle to pay child support in the amount of 22 percent of his adjusted gross income. Miss.Code Ann. § 43-19-101(1) (Rev.2000). If the chancellor awards a different amount, the court should make a written finding on the record explaining the deviation. Miss.Code Ann. § 43-19-101(2).
¶ 9. The appellate record does not contain the divorce decree. However, in a pleading that is in the record, Ms. Harper acknowledges that Mr. Halle was required to pay $580 per month in child support. The chancellor stated in his order on modification that Mr. Halle's income was reduced by approximately one-half since the final decree of divorce. However, there is no evidence showing what his income is; instead, there are only allegations in briefs.
¶ 10. We also know that the children's tuition costs have been reduced by approximately one half since the final divorce decree. The school awarded a grant to cover some of the tuition since Ms. Harper does volunteer work at the school. The chancellor discussed this in his order as one of the reasons to retain Mr. Halle's obligation to pay tuition despite some reduction in his income. However, we do not know what the tuition costs actually are.
¶ 11. We are unable to determine from this record if Mr. Halle is paying more than 22 percent of his adjusted gross income in child support. The final divorce decree is not included in this record nor is any evidence of Mr. Halle's income or the children's tuition expenses. The chancellor knew that Mr. Halle's income had been reduced and still ordered him to make the tuition payments, which were apparently less than originally had been required because of the school's grant.
¶ 12. Based on the record before us, we find no basis on which to determine that *442 Mr. Halle is being required to pay more than the guidelines suggest as child supportwhich would include primary and secondary school tuition. Even if this is more, we do not know if the final decree properly justified a deviation from the guideline. Absent any proof of error, we hold that there is no error.
¶ 13. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.