905 So.2d 706 (2004)
Lainie Bell CRIDER, Appellant
v.
John Paul CRIDER, Jr., Appellee.
No. 2003-CA-01066-COA.
Court of Appeals of Mississippi.
August 3, 2004.
Rehearing Denied October 5, 2004.
*707 John A. Ferrell, Booneville, attorney for appellant.
Jason D. Herring, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. John Paul Crider, Jr. and Lainie Bell Crider were granted joint custody of their son. Ms. Crider appeals arguing that this was procedurally improper since both parties did not request joint custody in this divorce on the ground of irreconcilable differences. We find merit in her argument and consequently reverse.
¶ 2. The Criders were married in 2000. In 2001 they had a son. They filed for divorce in 2002, both seeking custody of their son. The Criders consented to a divorce on the ground of irreconcilable differences. The chancery court was left to decide the custody of the child. After a trial, the chancellor awarded joint legal and physical custody of the child until June 2005, which was the start of the summer before the youngster would enter school. The chancellor directed that the matter be set for review in June 2005 to reevaluate custody.

1. Jurisdiction of this Court
¶ 3. In order for this Court to evaluate the issues presented on appeal, the case must be properly in our jurisdiction. Only a final order in which no issues remain to be resolved may be appealed. Cortesi v. Cortesi, 566 So.2d 702, 703 (Miss.1990). A final judgment is one which determines the case on its merits. BRIDGES & SHELSON, GRIFFITH MISSISSIPPI CHANCERY PRACTICE (2000 Ed.), § 609. Mr. Crider argues that the April 2003 judgment from which the appeal was taken is not final because it required a review of custody in June 2005.
¶ 4. We look to statutory law for guidance on this issue. "Orders touching on the custody of the children of the marriage shall be made in accordance with the provisions of Section 93-5-24. The court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require." Miss. Code Ann. § 93-5-23 (Supp.2003). Domestic judgments are frequently the subject of additional proceedings because of the continuing jurisdiction of the chancellor over the parties. "Domestic relations matters in chancery are seldom over. Modifications are constantly sought.... Matters of child support, alimony, custody, visitation, and the like may be modified at any time for a material change in circumstances." *708 BRIDGES & SHELSON, GRIFFITH MISSISSIPPI CHANCERY PRACTICE (2000 Ed.), § 24.
¶ 5. Here the chancellor forecast that a review of custody would be necessary at a specific point in the future. That formal recognition did not prevent the 2003 judgment from being final. Whether stated explicitly as here or left unstated, custody orders may be modified. They may even be modified, though this should rarely be done, when the initial judgment is being appealed and a material change in circumstances since the date of the appealed judgment is shown. Halle v. Harper, 869 So.2d 439, 440 (Miss.Ct.App.2004). The wording in this judgment does not keep it from being considered a final one.

2. Award of joint custody
¶ 6. Ms. Crider argues that, since this divorce was granted on the ground of irreconcilable differences, the chancellor may not award joint custody unless both parties have requested it. Here, neither party requested joint custody.
¶ 7. A statute provides that "[j]oint custody may be awarded where irreconcilable differences is the ground for divorce, in the discretion of the court, upon application of both parents." Miss.Code Ann. § 93-5-24(2) (Supp.2003). This Court has in several precedents interpreted the statute to require the consent of each parent before joint custody may be awarded in an irreconcilable differences divorce. E.g., Wolfe v. Wolfe, 766 So.2d 123, 127 (Miss. Ct.App.2000).
¶ 8. In the Criders' divorce pleadings, both parties consented to a divorce on the ground of irreconcilable differences. The parents asked that, among other things, the chancellor determine the "primary care, custody and control of the minor child of the parties"; neither party requested joint custody and instead sought a determination of "primary care."
¶ 9. Here, the chancellor did a thorough evaluation of the Albright factors. Albright v. Albright, 437 So.2d 1003 (Miss. 1983). Upon her evaluation, the chancellor found that "both parties have their flaws. They are equally good and equally bad." She then determined it was in the best interest of the child for his parents to have joint custody until he was ready to enter kindergarten. The chancellor acknowledged her order did not comply with Section 93-5-24(2). She then emphasized that the parties had shared custody until trial and this voluntary behavior was an affirmation that the parties would accept joint custody. We do not find joint custody prior to divorce to constitute an implicit request for joint custody once the marriage is dissolved. Until a judicial arbiter makes the decision on custody, parents prior to divorce may find that agreeing to shared custody is the only attainable option. That is not a request to make such custody the permanent arrangement.
¶ 10. The chancellor in her decision discussed another case from this Court in which an award of joint custody until a child reached kindergarten was affirmed. Daniel v. Daniel, 770 So.2d 562, 563 (Miss. Ct.App.2000). The chancellor there held that once the child began school, primary custody would be with the father. Id. This last point was the focus of the mother's appellate argument, and neither party sought to set aside the earlier joint custody. We therefore did not address an unraised issue. Unlike Daniel, Ms. Crider is objecting to joint custody.
¶ 11. The dissent notes its continuing disagreement with the position taken by the Court on this question. We first held in 1999 that there must be an agreement by both parties for the chancellor to award joint custody in a divorce on the grounds of irreconcilable differences. Morris v. Morris, 758 So.2d 1020, 1021 (Miss.Ct.App. *709 1999). This Court later gave a thorough explanation of the legislative and statutory history behind this requirement of a mutual agreement for joint custody. Dearman v. Dearman, 811 So.2d 308, 313-14 (Miss. Ct.App.2001). Summarizing the numerous recent decisions in this area, a prominent scholar in the field of this state's domestic law concluded that "[i]t is beyond the power of the chancery courts, however, to order or to grant joint custody, either legal or physical, in divorces concluded on irreconcilable differences unless the parties jointly agree to such a custodial arrangement." HAND, MISSISSIPPI DIVORCE, ALIMONY & CHILD CUSTODY (6th ed.2003), § 18-2 n. 10.
¶ 12. There are important benefits in all areas of the law, but perhaps particularly in domestic relations, for an appellate court to maintain consistency in its interpretations. It is true that the rightness of the need for a joint request for joint custody remains unaddressed by the highest court in the state. Still, unless the Supreme Court ultimately takes a contrary position, we adhere to our precedents in this area.
¶ 13. Joint custody of children may not be awarded in a divorce based on the grounds of irreconcilable differences unless requested in some manner by both parents. We have given section 93-5-24(2) its natural interpretation, without straining that language to fit any conception of how the statute might better be written. It was beyond the discretion of the chancellor to award joint custody in this case. Consequently, we reverse and remand to the chancellor to award primary custody based on an evaluation of the Albright factors.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF ALCORN COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS ARE ASSESSED TO THE APPELLEE.
KING, C.J., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. LEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, P.J.
LEE, J., dissenting.
¶ 15. Once again the majority has said that the chancery court cannot award joint custody in an irreconcilable differences divorce without having been specifically requested to do so by the parents. I disagree.
¶ 16. The procedural aspects of Mississippi Code Annotated Section 93-5-2(3) (Rev.1994) provide that before a divorce can be granted, matters regarding custody of a child of that marriage and property rights between the parties must either be adjudicated by the court or agreed to by the parties and found to be sufficient by the court. Johnston v. Johnston, 722 So.2d 453(¶ 8) (Miss.1998). The parties in this case specifically gave their consent to the chancellor to determine the issue of child custody.
¶ 17. As I wrote in Morris v. Morris, 758 So.2d 1020(¶ 16) (Miss.Ct.App.1999) (Lee, J., dissenting), and Wolfe v. Wolfe, 766 So.2d 123(¶ 27) (Miss.Ct.App.2000) (Lee, J., concurring in part, dissenting in part), I find nothing in Mississippi Code Annotated Section 93-5-24(2) (Supp.2003) that prohibits the chancery court from awarding joint custody under such circumstances. That statute states, "Joint custody may be awarded where irreconcilable differences is the ground for divorce, in the discretion of the court, upon application of both parents." (emphasis added). The statute does not issue a mandate that an application for joint custody "shall" be awarded upon the application of both parents, but provides an option or alternative. This section merely affords the parties in *710 an irreconcilable differences divorce the right to apply directly for joint custody, just as they applied for joint divorce. Even so, the awarding of joint custody is discretionary with the court. It is nonsensical that the chancery court has the authority to award custody as it deems proper and to whom it deems proper in all cases of divorce involving fault, but does not have such authority unless so requested in an irreconcilable differences divorce. Certainly in an irreconcilable differences divorce it is understandable that the court could easily find both parents fit and the situation even more suitable for joint custody than possibly in a fault-driven divorce.
¶ 18. The majority correctly asserts that because divorce is a creature of statute that the statute must be strictly construed. However, it has confused a party's right to a divorce with the issue of child custody. The custody and care of minor children is not, never has been, and should never be purely a legislative function. Rather, the statute would enable the chancellor to establish "what is in the best interest of the children." The authority and decisions over children have been and should be vested in the chancery courts. Mississippi Code Annotated Section 93-5-24(2) gives the parties the opportunity to seek a divorce, settle their property and custodial rights, and present the same to the court for approval. However, having failed to decide all of these issues, once the divorce is granted, the chancery court then becomes vested with the authority to decide the property and custodial rights of the parties. For the aforesaid reasons, I dissent.
BRIDGES, P.J., JOINS THIS SEPARATE WRITTEN OPINION.